IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD CANTERBERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:07-cv-584-DRH |
| vs. ) | |
| ) | DEMAND FOR JURY TRIAL |
| JOHN PETROVICH, M.D. ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS:

Pursuant to 28 U.S.C. § 1441 et seq., Defendant, John A. Petrovich, M.D. ("Petrovich"), by and through his counsel of record, hereby removes this action to the United States District Court for the Southern District of Illinois. As grounds for removal, Petrovich states:

I. **INTRODUCTION**

1. This is a medical malpractice case arising out of medical treatment provided to Plaintiff by Petrovich in Granite City, Illinois on or about September 27, 2004 at Gateway Regional Medical Center ("Gateway"). As of September 12, 2006, the date Plaintiff filed his lawsuit, Petrovich was a citizen of Missouri and Plaintiff was a citizen of Illinois. Petrovich removed this case to this Court on October 13, 2006. Plaintiff filed a Motion to Remand this case back to the Circuit Court of Madison County, Illinois arguing that Plaintiff was a Missouri citizen as there was no diversity.

2736592.02

2. Plaintiff signed an Affidavit in support of his Motion to Remand stating that he entered into a "long term" lease in Missouri and intended to remain in Missouri indefinitely. Plaintiff also answered interrogatories and gave a deposition regarding his citizenship at the time of removal. Based on this discovery, the Honorable Michael J. Regan remanded this case back to the Circuit Court of Madison County, Illinois.

3. On August 3, 2007 two damages witnesses, Janice Hauser Fennell and Lee Fennell Eckhoff gave their depositions. Their testimony explicitly refuted Plaintiff's assertion of Missouri citizenship at the time this case was removed. Based on this testimony, it is clear that Plaintiff committed fraud in his Affidavit, answers to interrogatories and deposition in order to avoid this Court's jurisdiction. This case was remanded back to state court due to Plaintiff's fraud. Since there actually did exist complete diversity of citizenship when Petrovich originally removed this case, this Court should reassert jurisdiction over this case.

II. **FACTUAL BACKGROUND**

4. On or about September 12, 2006, Plaintiff commenced an action against Petrovich in the Circuit Court of Madison County, Illinois, entitled <u>Donald Canterbery v. John Petrovich, M.D.</u>, Cause No. 06-L-762. (See 06-cv-792 Doc. #2, Exhibit "A").

5. On or about September 28, 2006, Petrovich was served with a copy of Plaintiffs' Complaint.

6. On October 13, 2006, Petrovich filed a Notice of Removal. Removal was proper because Petrovich was a citizen of Missouri and Plaintiff was a citizen of Illinois, and therefore there was diversity of citizenship and this Court had jurisdiction. (See 06-cv-792 Doc. #2)

7. On October 24, 2006 Plaintiff filed a Motion to Remand, arguing that although he was an Illinois citizen when his complaint was filed, at the time of removal Plaintiff was a citizen

2736592.02

of the State of Missouri and therefore there was no diversity of citizenship. Plaintiff did not dispute that the amount in controversy exceeded $75,000. (See 06-cv-792 Doc. #12)

8. In support of his Motion to Remand, Plaintiff signed an Affidavit stating: "As of October 4, 2006, I have established permanent residence at 817 Randolph, Elsberry, Missouri[1]. I have entered into a long term lease concerning the property and I have established this as my domicile and I intend to remain domiciled in Missouri indefinitely." (See 06-cv-792 Doc. #12-2, ¶6)

9. Petrovich issued Diversity Jurisdiction Interrogatories to Plaintiff regarding the issue of Plaintiff's citizenship. Plaintiff stated in his Affidavit that he entered into this "long term" lease at the Elsberry address on October 4, 2006. However, when Plaintiff signed Answers to these Diversity Jurisdiction Interrogatories on October 31, 2006 (only 27 days later), he was living at 3152 Boones Lick Road, St. Charles, Missouri and his landlord was Sharon Kimball. Plaintiff stated in these Interrogatory Answers that Lee Fennell (now Lee Eckhoff) had been his landlord at the Elsberry address and that he paid $300 per month in rent. See a copy of Plaintiff's Answers[2] to Petrovich's Diversity Jurisdiction Interrogatories, which are attached hereto, labeled Exhibit "A", and incorporated herein by reference.

10. On November 14, 2006 Plaintiff was deposed regarding the citizenship issue and Plaintiff's claim that he made his domicile in Missouri and intended to remain indefinitely. See a copy of the deposition of the Plaintiff, which is attached hereto, labeled Exhibit "B", and incorporated herein by reference.

---

[1] The 817 Randolph, Elsberry, Missouri address will be referred to as the "Elsberry address" throughout the remainder of this Notice of Removal.
[2] Although Plaintiff signed the Interrogatories on October 31, 2006, Plaintiff did not serve these Answers on counsel for Petrovich until November 10, 2006 only four days before Plaintiff's deposition on the citizenship issue. See Exhibit "A".

11. On February 6, 2007 the Honorable Michael J. Reagan remanded this case back to the Circuit Court of Madison County, Illinois finding, based on Plaintiff's Affidavit and deposition testimony, that on October 13, 2006 Plaintiff was a citizen of Missouri (as was Petrovich). (See 06-cv-792 Doc. #21)

12. On August 3, 2007, damage witness Janice Hauser Fennell was deposed. See a copy of Janice Hauser Fennell's deposition, which is attached hereto, labeled Exhibit "C", and incorporated herein by reference.

13. On August 3, 2007, damage witness Lee Eckhoff was deposed. See a copy of Lee Eckhoff's deposition, which is attached hereto, labeled Exhibit "D", and incorporated herein by reference.

14. Plaintiff committed fraud in his Affidavit, Answers to the Diversity Jurisdiction Interrogatories, and deposition in an effort to avoid this Court's jurisdiction. Plaintiff fraudulently stated: 1) the Elsberry address was his permanent home and 2) Plaintiff intended to indefinitely remain in Missouri.

A. **The Elsberry Address Was Not Plaintiff's Permanent Home**

1. **This address was a temporary address**

15. Plaintiff asserted in his Affidavit that he entered into a long term lease regarding the Elsberry address.

16. In his deposition, Plaintiff testified as follows:

> Q. Prior to living at Boonslick Road, you lived at 817 Randolph in Elsberry, Missouri?
> A. Correct.
> Q. How long did you live there?
> A. Approximately three weeks.

See Exhibit "B", p. 14, l. 10-14.

17. Janice Hauser Fennell testified that the Elsberry address was a temporary one. In her deposition, she testified as follows:

> Q. And how did Mr. Canterbery come to know the person you lived with in Elsberry, Missouri?
> A. The person he moved in with is my husband's ex-wife.
> Q. Okay. So to your knowledge, was this going to be a temporary arrangement?
> A. Yes.

See Exhibit "C", p. 24, l. 5-12.

18. Lee Eckhoff also testified that Plaintiff's stay at the Elsberry address was temporary. In her deposition, she testified as follows:

> Q. Why did he [Plaintiff] need a place to stay?
> A. Well, he was living in Jan and Bill's basement, or staying there for a little while. I mean, it wasn't like that was supposed to be a permanent arrangement. And I – I don't – I don't really know why he needed a place to stay. It was just that wasn't supposed to be a permanent arrangement. They were saying he could move out there.

See Exhibit "D", p. 10, l. 7-15.

> Q. Okay. Was his moving to your place supposed to be a permanent thing?
> A. No.
> Q. Was it suppose to be a temporary residence?
> A. Yes. But he wanted to go get his stuff in Texas first and his little dog.

See Exhibit "D", p. 11, l. 12-18.

> Q. Okay. How many days did he stay with you?

> A. I would say maybe two weeks. But of that time, he kept going to Granite City, and so he probably ended up staying there for four or five nights, somewhere in that range.

See Exhibit "D", pp. 12-13, l. 22-1.

> Q. Just look at paragraph six [of Plaintiff's Affidavit].
> A. Okay.
> Q. And it says in number six, "I have entered into a long-term lease concerning the property." Is that correct if Mr. Canterbery said that he entered into a long-term lease concerning the property of your home?
> A. No, no, sir.
> Q. That's incorrect?
> A. That's incorrect…

See Exhibit "D", p. 32, l. 11-18.

### 2. Plaintiff did not enter into a long-term lease for the Elsberry address

19. Plaintiff claimed that he entered into a long-term lease for the Elsberry address.

(See 06-cv-792 Doc. #12-2) Plaintiff testified as follows:

> Q. You stated in paragraph 6 [of Plaintiff's Affidavit] that you entered into a long-term lease concerning the property [Elsberry address], is that true?
> A. Yes, sir.
> Q. Okay, is that an oral or written lease?
> A. Oral.
> Q. How long of a term for that lease?
> A. One year.
> Q. Do you have any proof of that oral agreement?
> A. Just my word.

See Exhibit "B", p. 24, l. 12-23.

20. Lee Eckhoff again refuted Plaintiff's testimony regarding the existence of a lease at the Elsberry address. At her deposition she testified as follows:

> Q. Was there – did he sign a written lease to live with you?
> A. No.
> Q. Did you and him orally agree that he could stay there for a year?
> A. No.
> Q. Because it was a temporary stop…

See Exhibit "D", p. 13, l. 11-19.

> Q. And there was no talk about any lease for him to stay at your apartment?
> A. My house.
> Q. Or your house, sorry.
> A. No.
> Q. That's correct.
> A. That's correct.

See Exhibit "D", p. 19, l. 5-11.

### 3. Plaintiff did not pay rent for the Elsberry Address

21. In his deposition, Plaintiff testified as follows:

> Q. You paid $300 per month while you were at that address [Elsberry address]?
> A. Yes.
> Q. Did you pay that up front?
> A. Yes, sir, I did.
> Q. Did you pay that in cash?
> A. Yes, I did.
> Q. Did you sign any lease?
> A. No, I didn't.

See Exhibit "B", p. 20, l. 14-22.

> Q. Did you pay a security deposition [at the Elsberry address]?
> A. Yes, I did.
> Q. Okay, how much was that security deposit?
> A. $500.
> Q. Did you receive that security deposit back?
> A. Yes, I did.

See Exhibit "B", p. 28, l. 11-18.

22. In her deposition, Lee Eckhoff stated unequivocally that Plaintiff paid no rent for the Elsberry address. She testified as follows:

> Q. Okay. When Mr. Canterbery moved into your residence, was there any discussion about rent?
> A. No.
> Q. Did you ever receive a check for any money for rent?

> A. No. No money for rent, no money. He never paid any money for dog food for his little dog, he never bought groceries, he never – no money anywhere.

See Exhibit "D", p. 17, l. 2-10.

> Q. Did he pay any bills?
> A. No.
> Q. Did he offer to pay any bills?
> A. No.
> Q. Did he pay any utilities?
> A. No.
> Q. Did he offer to pay any utilities?
> A. No.

See Exhibit "D", p. 29, l. 14-21.

> Q. Have you seen this letter[3] before?
> A. Yes.
> Q. You received this in and around October 24, 2006?
> A. Uh-huh.
> Q. Yes.
> A. Yes, I'm sorry.
> Q. On the second – the second sentence says that on October 4th, 2004 you entered into a verbal agreement with Mr. Canterbery to lease him a room in your home together with joint privileges for the use of the rest of your home for the sum of $300 per month. Did you in fact agree to, verbally agree to rent him a room for $300 a month?
> A. No.

See Exhibit "D", pp. 33-34, l. 17-7.

### B. Plaintiff Did Not Intend To Remain In Missouri Indefinitely

23. Plaintiff claimed that he intended to remain in Missouri indefinitely. (See 06-cv-792 Doc. #12-2) At his deposition, he testified as follows:

> Q. Okay. At the 817 Randolph address, did you intend to remain there permanently when you moved there?
> A. Yes.
> Q. However, did you not remain there permanently?
> A. No.

---

[3] This letter is a letter from Plaintiff's attorney to Lee Fennell Eckhoff dated October 24, 2006. See a copy of this letter, which is attached hereto, labeled Exhibit "E", and incorporated herein by reference.

2736592.02

- 8 -

See Exhibit "B", p. 22, l. 4-10.

24.  Plaintiff also testified that he intended to remain permanently at the 3152 Boones Lick Road, St. Charles, Missouri the address he moved to only weeks after moving into the 817 Randolph address.  See Exhibit "B", pp. 9-12; See also Exhibit "A".

25.  Lee Fennell Eckhoff refuted this testimony.  At her deposition, she testified as follows:

> Q. Did Mr. Canterbery ever say he planned to move to Edwardsville or Granite City?
> A. Granite City, yeah.
> Q. When did he say he planned to move to Granite City?
> A. He just talked about moving to Granite City when he got the settlement. He was going to build a house, build a big house and get a Corvette and all his stuff.
> Q. So it's your understanding from your conversation with Mr. Canterbery that he intended to go to Granite City once he got all his money?
> A. Yes.

See Exhibit "D", pp. 26-27, l. 17-4.

### C.  Plaintiff Currently Resides In Illinois

26.  On July 16, 2007 Plaintiff answered Granite City Illinois Hospital Company, L.L.C. d/b/a Gateway Regional Medical Center's ("Gateway") Interrogatories and stated that Plaintiff's current address is 3115 West Chain of Rocks Road, Lot #44, Granite City, Illinois 62040.  See a copy of Plaintiff's Answer's to Gateway Interrogatories, which are attached hereto, labeled Exhibit "F", and incorporated herein by reference.

27.  In July 2007, less than ten (10) months removed from declaring his intent to indefinitely remain in Missouri at two different addresses, Plaintiff was residing in Granite City, Illinois.  His moving to Granite City, Illinois supports Mrs. Eckhoff's testimony that Plaintiff's intention all along was to return to Granite City, Illinois.  Plaintiff never had the requisite intent

to establish his domicile in Missouri and is for the purposes of diversity jurisdiction, an Illinois citizen.

### III. ARGUMENT

28. Citizenship, not residency, counts for purposes of diversity jurisdiction. Nilssen v. Motorola, Inc., 225 F.3d 410, 412 (7th Cir. 2001). Citizenship is determined by a party's domicile. Smyser v. Nguyen, 2007 WL 1876001, *2 (C.D.Ill. 2007). Domicile is a party's permanent home or the place to which one intends to return when absent. Id.

29. As evidenced above, Plaintiff was never citizen of Missouri as he did not establish a permanent home and did not intend to reside in Missouri indefinitely at the time this cae was originally removed on October 13, 2006. Thus, when Petrovich filed his Notice of Removal on October 13, 2006 there was complete diversity of citizenship. Therefore, this case belongs in this Court.

30. Petrovich now files this Notice or Removal stating that Plaintiff fraudulently pled that he was a Missouri citizen at the time Petrovich removed this case on October 13, 2006. Through this fraud, Plaintiff was able to defeat Petrovich's Notice of Removal. Such conduct should be not condoned by this Court.

31. Petrovich files this Notice of Removal within thirty days of learning of this fraud through the deposition testimony of Janice Hauser Fennell and Lee Fennell and within one year of the commencement of this lawsuit. Petrovich has complied with the timing requirements for removing a case to federal court. See 28 U.S.C. 1446(b).

32. Due to Plaintiff's fraudulent conduct to avoid this Court's jurisdiction, the appropriate action is to accept and retain jurisdiction over this matter as diversity did exist as of

the time of the first Notice of Removal. At that time, this Court had original jurisdiction pursuant to 28 U.S.C. § 1332(a) and the action was removable under 28 U.S.C. § 1441(a) as there was complete diversity of citizenship and the amount in controversy exceeded $75,000. Failure to accept jurisdiction in this case will be an open invitation to plaintiffs to fabricate their citizenship in order to avoid federal courts and prevent defendants from asserting their right to a trial in federal court based on diversity jurisdiction.

33.  A plaintiff cannot fraudulently plead his action in order to avoid removal to federal court. See Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir. 1976). Accordingly, a Plaintiff should not be able to use fraud to defeat a proper Notice of Removal.

34.  Plaintiffs have engaged in conduct, such as naming parties with the same citizenship as a defendant to destroy diversity jurisdiction and in response to such strategy the federal courts developed the doctrine of fraudulent joinder where diversity jurisdiction cannot be destroyed by joinder of non diverse parties if such joinder is fraudulent. Katonah v. USAir, Inc., 868 F.Supp. 1031, 1034 (N.D.Ill. 1994).

35.  The Seventh Circuit has extended the doctrine of fraudulent joinder to circumstances where a plaintiff fraudulently pleads jurisdictional facts. "Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, **or** where there has been outright fraud in plaintiff's pleading of jurisdictional facts." Gottlieb v. Westin Hotel Co., 990 F.2d 323, 327 (7th Cir. 1993) (emphasis added); see also Hoosier Energy Rural Electric Cooperative Inc. v. Amoco Tax Leasing IV Corp., 34 F.3d 1310, 1315 (7th Cir. 1994).

36.  This case involves Plaintiff committing outright fraud in his Answers to the Diversity Jurisdiction Interrogatories, Affidavit and deposition testimony regarding his

2736592.02

- 11 -

citizenship at the time of removal in an effort to avoid this Court's jurisdiction. Such conduct is not accepted in the Seventh Circuit. See Id.

37. The facts as evidenced by the deposition testimony of Janice Hauser Fennell and Lee Eckhoff clearly illustrate that Plaintiff was a temporary resident of Missouri at the time of the removal and had no intention to permanently remain in Missouri. Thus, Plaintiff did not establish his domicile in Missouri and was not a citizen of the State of Missouri at the time of October 13, 2006 Notice of Removal. Therefore, this case was properly before this Court on the basis of diversity of citizenship on October 13, 2006. However, due to Plaintiff's fraudulent Affidavit and deposition testimony, the Honorable Michael J. Reagan remanded this case back to the Circuit Court of Madison County, Illinois.

38. Mrs. Eckhoff testified that Plaintiff temporarily resided at her home and there was no long term agreement for Plaintiff to stay at her home. Plaintiff did not pay any rent or a security deposit. Mrs. Eckhoff also testified that Plaintiff informed her that he intended to move to Granite City, Illinois, upon the conclusion of this litigation, and in fact Plaintiff has stated in subsequent answers to discovery that he is currently residing in Granite City, Illinois.

39. The testimony of Mrs. Hauser Fennell and Mrs. Eckhoff proves that Plaintiff never entered into a long term agreement to stay with Mrs. Eckhoff and that his residence with Mrs. Eckhoff at the time of the removal was only temporary. The only conclusion to be drawn is that Plaintiff never intended to make Missouri his permanent residence and has therefore never been a Missouri citizen.

40. As one of the bases for the Honorable Michael J. Reagan's decision to remand this case to state court, Judge Reagan stated: "In this matter, however, while Defendant has shown how Plaintiff could have better proved his intent, Defendant has not produced facts that

are *actually in conflict with* Plaintiff's claim of intent." (See 06-cv-792 Doc. #10) Petrovich has produced evidence in direct contradiction to Plaintiff's claim of intent in his Affidavit and deposition testimony. Such statements of intent are entitled to little weight when in conflict with the facts. Sadat v. Mertes, 615 F.2d 1176, 1181 (7th Cir. 1980).

41.   Failure of this Court to accept removal of this case will be an affirmance of the fraud committed by the Plaintiff to avoid this Court's jurisdiction. The facts as presented in this case clearly show Plaintiff's intent was to avoid this Court's jurisdiction, not to establish his domicile in and permanently reside in Missouri.

IV.   **THE CITIZENSHIP OF GATEWAY AND GRANITE CITY CLINIC CORP. NEED NOT BE CONSIDERED BY THIS COURT TO DETERMINE DIVERISITY OF CITIZENSHIP**

42.   On October 13, 2006 the only two parties in this case were the Plaintiff and Petrovich. (See 06-cv-792 Doc. #2)

43.   At the time of removal, Gateway was named as a respondent in discovery. The Honorable Michael J. Reagan Court found that as a respondent in discovery, Gateway was not a party to the lawsuit and irrelevant for diversity purposes. (See 06-cv-792 Doc. #21)

44.   On May 23, 2007 Plaintiff was granted leave to convert Gateway to a defendant and add Granite City Clinic Corp., Petrovich's employer, as a defendant. See a copy of the Circuit Court of Madison County, Illinois' May 23, 2007 Order, which is attached hereto, labeled Exhibit "G", and incorporated herein by reference[4].

45.   Plaintiff may argue that as the case stands currently there is no diversity of citizenship as Gateway and Granite City Clinic Corp., both Illinois citizens for the purpose of diversity jurisdiction, are parties in the case. As stated above, Gateway's citizenship should not

be considered. This Court should not consider the citizenship of Granite City Clinic Corp. as there is no possibility that the Plaintiff can state a cause of action against Granite City Clinic Corp. as Plaintiff did not attempt to name Granite City Clinic Corp. as a defendant until after the statute of limitations expired. See a copy of Granite City Clinic Corp.'s Motion to Dismiss, which is attached hereto, labeled Exhibit "H", and incorporated herein by reference. Were it not for Plaintiff's own fraud, this case would have remained with this Court and Gateway would not have become a defendant. Plaintiff should not be able to benefit through his own fraud.

46. The only parties this Court should consider for the purposes of determining diversity jurisdiction are Plaintiff and Petrovich, who were the only parties on October 13, 2006.

V. **CONCLUSION**

47. This case was properly before this Court on October 13, 2006. Plaintiff's fraudulent conduct misrepresented the facts concerning his citizenship so to avoid this Court's jurisdiction so that he could keep his case in Madison County, Illinois. Failure to accept removal of this case will condone Plaintiff's conduct.

48. Defendant, Petrovich, has given written notice of the filing of this Notice of Removal to Plaintiff and has filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Madison County, Illinois.

49. Defendant, Petrovich, hereby demands trial by jury on all issues so triable.

50. Counsel for Petrovich is also counsel for Granite City Clinic Corp. and Granite City Clinic Corp. consents and agrees to this Notice of Removal.

51. Counsel for Petrovich has spoken to counsel for Gateway and Gateway consents and agrees to this Notice of Removal.

---

[4] A copy of the Second Amended Complaint, the current complaint in the Circuit Court of Madison County, Illinois

WHEREFORE Defendant, John A. Petrovich, M.D., gives notice that this action is removed from the Circuit Court of Madison County, Illinois, to this Court, for the exercise of jurisdiction over this action, as though this action had originally been instituted in this Court.

Dated: August 20, 2007.

HUSCH & EPPENBERGER, LLC

By: _____/s/ Justin A. Relihan___
Gregory J. Minana #6273717
Justin A. Relihan #6272920
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Office: (314) 480-1500
Fax No: (314) 480-1505

Attorneys for Defendant, John A. Petrovich, M.D.

---

is attached hereto, labeled Exhibit "I", and incorporated herein by reference.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of August, 2007 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system that sent notification of such filing to the following:

Todd N. Hendrickson, Esq.
Law Offices of Todd N. Hendrickson
100 S. Brentwood Blvd., Suite 300
Clayton, Missouri 63105

*Attorneys for Plaintiff*

Rich J. Behr, Esq.
Behr, McCarter & Potter, P.C.
7777 Bonhomme Avenue, Suite 1400
St. Louis, Missouri 63105

*Attorneys for Gateway Regional Medical Center*

　　　　　　　　　　　　　　　　　　　/s/ Justin A. Relihan

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD CANTERBERY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:07-cv-584-DRH ) ) |
| JOHN PETROVICH, M.D. | ) ) |
| Defendant. | ) |

## MEMORANDUM FOR CLERK

Defendant John A. Petrovich, M.D. files herewith proof of filing a copy of his Notice of Removal in the Circuit Court of Madison County, Illinois, on August 20, 2007.

HUSCH & EPPENBERGER, LLC

By: _____/s/ Justin A. Relihan_____
    Gregory J. Minana #6273717
    Justin A. Relihan #6272920
    190 Carondelet Plaza, Suite 600
    St. Louis, MO  63105
    Office: (314) 480-1500
    Fax No: (314) 480-1505

Attorneys for Defendant, John A. Petrovich, M.D.

27336592.02

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of August, 2007 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system that sent notification of such filing to the following:

Todd N. Hendrickson, Esq.
Law Offices of Todd N. Hendrickson
100 S. Brentwood Blvd., Suite 300
Clayton, Missouri 63105

*Attorneys for Plaintiff*

Rich J. Behr, Esq.
Behr, McCarter & Potter, P.C.
7777 Bonhomme Avenue, Suite 1400
St. Louis, Missouri 63105

*Attorneys for Gateway Regional Medical Center*

/s/ Justin A. Relihan

27336592.02