IN THE CIRCUIT COURT OF MADISON COUNTY
STATE OF ILLINOIS

| | |
|---|---|
| DONALD CANTERBERY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN PETROVICH, M.D., GRANITE )<br>CITY ILLINOIS HOSPITAL COMPANY, )<br>LLC, d/b/a GATEWAY REGIONAL )<br>MEDICAL CENTER, )<br>)<br>Defendants. ) | Cause No. 06 L 0762<br><br>**JURY DEMAND** |

### PLAINTIFF'S ANSWERS TO
### DEFENDANT'S INTERROGATORIES
### DIRECTED TO PLAINTIFF

COME NOW Defendants, Granite City Illinois Hospital Company, L.L.C., d/b/a Gateway Regional Medical Center, (incorrectly denominated as "Gateway Regional Medical Center, L.L.C."), by and through their attorneys, Behr, McCarter & Potter, P.C., and submit the following interrogatories to Plaintiff, Donald Canterbery, to be answered in writing and signed under oath in accordance with the Illinois Rules of Civil Procedure:

### DEFINITIONS

1. "Health care provider" shall refer to any medical doctor, osteopath, chiropractor, therapist, psychiatrist, psychologist, social worker, counselor, hospital, medical clinic, or any other provider of diagnostic or therapeutic services.

2. "Injury" or "injured" shall refer to any harm or damage to the plaintiff's physical or emotional well being.



## INTERROGATORIES

1. State your full name, as well as your current residence address, social security number, date and place of birth, and any other name by which you have ever been known.

ANSWER: Donald Wayne Canterbery, 3115 West Chain of Rocks Road, Lot #44, Granite City, IL 62040, 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, 6-16-1952

2. Describe the acts and/or omissions of the Defendant(s), i.e. the specific diagnosis, procedure, test, therapy, treatment or other type of healing arts ministration which you claim caused or contributed to the injuries for which you seek damages and, as to each, state:

    (a) the date or dates thereof;

    (b) the name and address of each witness;

    (c) the names and addresses of all other persons having knowledge thereof and as to each such person the basis for his or her knowledge; and

    (d) the location of any and all documents, including without limitation, hospital and medical records reflecting such acts and/or omissions.

ANSWER: Beginning on September 22, 2004, Gateway Regional Medical Center was negligent in that it:

    a. Failed to adequately supervise Petrovich;

    b. Failed to ensure that Plaintiff was provide with appropriate medical care and treatment;

    c. Failed to inform Plaintiff that Petrovich was or had recently been under the influence of cocaine, alcohol or other substances;

    d. Failed to revoke the surgical privileges of Petrovich;

    e. Gateway Regional administrative staff failed to report suspicion of Dr. Petrovich's impaired status to the Gateway Regional medical staff or Surgical Department for appropriate action;

    f. Failed to take appropriate action with regard to suspending and/or restricting Dr. Petrovich's medical staff privileges;

    g. Failed to follow standard policies and procedures with regard to impaired physicians;

    h. Failed to require adequate drug and/or substance abuse testing;

    i. Failed to report reasonable suspicions of drug and or alcohol abuse to the appropriate licensing board;

    j. Allowed Dr. Petrovich to perform surgery on September 27, 2004, on Donald Canterbery; and

    k. Failed to inform Donald Canterbery of reasonable suspicions of Dr. Petrovich's impaired status and that failure was a breach of the duty of informed consent.

Witnesses to these incidents, known at this time, include Defendant Dr. Petrovich, nursing and medical staff and administration of GRMC.

Location of documents believed to be in the possession of GRMC.

    3. State the full name, last known address, telephone number, occupation and/or profession, employer or business affiliation, and relationship to you of each person who has or claims to have knowledge that the Defendant(s) deviated from any applicable standard of care in relation to you. As to each such person, state:

    (a)    the nature of such knowledge;

    (b)    the manner whereby is was acquired;

    (c)    the date or dates upon which such knowledge was acquired; and

    (d)    the identity and location of any and all documents reflecting such deviation.

ANSWER:

None other than Defendant and those persons identified in medical records.

4.    Please state the name, address and specialty, if any, of all treating physicians, nurses, medical technicians or other persons practicing the healing arts in any of its branches with whom you or your attorneys have discussed any of the following:

    (a)    the standard of care owed to you by the Defendant(s);

    (b)    the negligent acts and/or omissions described in your Complaint;

    (c)    the nature and extent of any injuries suffered by you; and

    (d)    the relationship between acts and/or omissions on the part of the Defendant(s) and such injuries.

ANSWER: Objection. This interrogatory calls for attorney work product privilege information and is not discoverable.

5.    Do you know of any statements made by any person relating to the care and treatment or the damages alleged in the Complaint? If so, give the name and address of each such witness and the date of the statement, and state whether such statement was written or oral and if written the present location of each such statement.

ANSWER: A physical therapist at the hospital said to me that Dr. Petrovich "really f***ed you up." I do not remember his name.

6. State the name, author, publisher, title, and date of publication and specific provision of all medical texts, books, journals or other medical literature which you or your attorney intend to use as authority or reference in proving any of the allegations set forth in the Complaint.

ANSWER: Objection. Attorney work product.

7. Identify each and every rule, regulation, by-law, protocol, standard or writing of whatsoever nature by any professional group, association, credentialing body, accrediting authority or governmental agency which you, or your attorney, may use at trial to establish the standard of care owed by the Defendant(s), or the breach thereof.

ANSWER: Objection. Attorney work product.

8. Please identify and state the location of any of the following documents relating to the issues in this case which either bear the name handwriting and/or signature of the Defendant(s).

    (a) publications and/or professional literature authored by the Defendant(s), including publication source and reference;

    (b) correspondence, records, memoranda or other writings prepared by the Defendant(s) regarding your diagnosis, care and treatment, other than medical and hospital records in this case; and

    (c) documents prepared by persons other than you or your attorneys which contain with name of the Defendant(s).

ANSWER: Objection. Attorney work product. Subject to and without waiving such objection, see medical records.

9.  Describe the personal injuries sustained by you as the result of the negligent act or omissions described in your Complaint.

ANSWER: Injury to femoral nerve as described in medical records. Weakness, atrophy, numbness, hypersensitivity, parasthesia in left leg.

10. With regard to your injuries, state:

(a) the name and address of each attending physician and/or health care professional;

(b) the name and address of each consulting physician and/or other health care professional;

(c) the name and address of each person and/or laboratory taking any x-ray, MRI and/or other radiological tests of you;

(d) the date or inclusive dates on which each of them rendered you service;

(e) the amounts to date of their respective bills for service; and

(f) from which of the, you have written reports.

ANSWER:

1. Dr. Oladele Ajao, Koch Clinic, 2100 Madison Ave., Granite City, IL 62040

2. Dr. Shahid Ali, 2044 Madison Ave., Granite City, IL 62040

3. Dr. El Strotheide, 3412 Nameoki Road, Granite City, IL 62040

4. Gateway Regional Medical Center;

5. Rehabilitation Institute of St. Louis;

6. Dr. Andria L. Ford, Neurology Clinic, Barnes-Jewish/Washington University, St. Louis, MO.

11. As the result of your personal injuries, were you a patient or outpatient in any hospital and/or clinic? If so, state the names and addresses of all hospitals and/or clinics, the amounts of their respective bills and the date or inclusive dates of their services.

ANSWER: No.

12. As the result of your personal injuries, were you unable to work? If so, state:

    (a) the name and address of your employer, if any, at the time of the acts and/or omissions described in the Complaint, your wage and/or salary, and the name of your supervisor and/or foreperson;

    (b) the date or inclusive dates on which you were unable to work;

    (c) the amount of wage and/or income loss claimed by you; and

    (d) the name and address of your present employer and your wage and/or salary.

ANSWER: Yes. I was unemployed at the time of the injury but had been sent to Dr. Petrovich as part of an employment physical. I was then unable to take the job. I have been unable to work since the surgery. Total income loss is undetermined at this time, but I am now on disability.

13. State any and all other expenses and/or losses you claim as a result of the acts and/or omissions described in the complaint. As to each expenses and/or loss, state the date or dates it was incurred, the name of the person, firm and/or company to whom such amounts are owed, whether

the expense and/or loss in question has been paid and, if so, by whom it was so paid, and describe the reason and/or purpose for each expense and/or loss.

ANSWER: Undetermined at this time. Will supplement as appropriate.

14.   Had you suffered any personal injury or prolonged, serious and/or chronic illness within ten (10) years prior to the date of the acts and/or omissions described in your complaint? If so, state when and how you were injured and/or ill, where you were injured and/or ill, describe the injuries and/or illness suffered, and state the name and address of each physician, or other health care professional, hospital and/or clinic rendering you treatment for each injury and or chronic illness.

For each physician, or other health care professional, hospital and/or clinic identified in the preceding paragraph, state the name and address of each insurance company or other entity (health maintenance organization, governmental public assistance program, etc.) which provided to you indemnity, reimbursement or other payment for the medical services received by you and as to each such payor, state the policy number, group number and/or identification number under which you were able to obtains such medical services.

ANSWER: I fractured 3 ribs in May 2004. I was treated at Gateway Regional.

15.   Have you suffered any personal injury or prolonged, serious and/or chronic illness since the date of the negligent act or omission alleged in your complaint? If so, state when you were injured and/or ill, where and how you were injured and/or ill, describe the injuries and/or illness suffered, and state the name and address of each physician or other health care professional, hospital and/or clinic rendering you treatment for each injury and/or chronic illness.

ANSWER: None other than the conditions caused by the negligence of Defendants.

16. Have any other suits been filed for your personal injuries preceding the filing of this lawsuit? If so, state the nature of the injuries claimed, the courts and the captions in which filed, the years filed, and the titles and docket numbers of the suits.

ANSWER: No.

17. Have you filed a claim for and/or received workers' compensation benefits? If so, state the name and address of the employer, the date(s) of the accident(s), the identity of the insurance company that paid any such benefits and the case number(s) and jurisdiction(s) where filed.

ANSWER: No.

18. Did Defendant(s) or anyone associated with Defendant(s) give you information or discuss with you the risks involved in the treatment to be given you? If so, state the date(s) and place(s) such information was given, the name(s) of the person(s) providing such information or engaging you in the discussion, and give a description of the information provided or discussed with you.

ANSWER: No. No one discussed any risk associated with the surgery. The surgery was to be a simple biopsy, not a removal.

19. Are you claiming any psychiatric, psychological and/or emotional injuries as a result of the acts and/or omissions described in the complaint? If so, state:

   (a) the name of any psychiatric, psychological and/or emotional injury claimed, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each injury;

   (b) whether you had suffered any psychiatric, psychological and/or emotional injury prior to the date of the acts and/or omissions described in the complaint; and

   (c) if (b) is in the affirmative, please state when and the nature of any psychiatric, psychological and/or emotional injury, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each injury.

ANSWER: None to my knowledge.

20. Pursuant to Illinois Supreme Court Rule 213(g), provide the name and address of each opinion witness who will offer any testimony and state:

   (a) the subject matter on which the opinion witness is expected to testify;

   (b) the conclusions and/or opinions of the opinion witness and the basis therefore, including reports of the witness, if any;

   (c) the qualifications of each opinion witness, including a curriculum vitae and/or resume, if any;

   (d) the identity of any written reports of the opinion witness regarding this occurrence; and

   (e) whether or not the opinion witness has been retained by you to testify at trial.

ANSWER: Undetermined at this time. Will supplement.

21. Pursuant to Illinois Supreme Court Rule 213(f), provide the name and address of each witness who will testify at trial and state the subject of each witness' testimony.

ANSWER: Undetermined at this time, other than Plaintiff. Will supplement.

22. Do you have any photographs, movies and/or videotapes relating to the acts and/or omissions which are described in your complaint and/or the nature and extent of any injuries for which recovery is sought? If so, state the date or dates on which such photographs, movies and/or videotapes were taken, who was displayed therein, who now has custody of them, and the name address, occupation and employer of the person taking them.

ANSWER: Yes. I have photographs showing the atrophy of my left leg.

23. Have you (or has anyone acting on your behalf) had any conversations with any person at any time with regard to the manner in which the care and treatment described in your complaint was provided, or have you overheard any statement made by any person at any time with regard to the injuries complained of by Plaintiff or the manner in which the care and treatment alleged in the complaint was provided? If so, state:

    (a) the date or dates of such conversation(s) and/or statement(s);

    (b) the place of such conversation(s) and/or statement(s);

    (c) all persons present for the conversation(s) and/or statement(s);

    (d) the matters and things stated by the person in the conversation(s) and/or statement(s);

    (e) whether the conversation(s) was oral, written and/or recorded; and

    (f) who has possession of the statement(s) if written and/or recorded.

ANSWER: Objection. Calls for information protected by the attorney-client and attorney work product privilege.

24. Have you received any payment and/or other consideration from any source in compensation for the injuries alleged in your complaint? If your answer is in the affirmative, state:

    (a)    the amount of such payment and/or other consideration received;

    (b)    the name of the person, firm, insurance company and/or corporation making such payment or providing other consideration and the reason for the payment and/or other consideration; and

    (c)    whether there are any documents evidencing such payment and/or other consideration received.

ANSWER: No.

25. Have you retained any expert(s), other than as a "consultant" as that term is defined in Supreme Court Rule 201(b)(3), to testify on your behalf at trial or to assist you in any other way? If so, for each retained expert, state:

    (a)    the expert's area(s) of expertise;

    (b)    the expert's qualification, including a curriculum-vitae and/or resume, if any; and

    (c)    the conclusions and/or opinions and bases therefore, including whether written reports have been prepared by the expert(s) and if so, attach copies of the reports.

ANSWER: Objection. Attorney work product.

26. Identify any statements, information and/or documents known to you and requested by any of the foregoing interrogatories which you claim to be work product or subject to any

common law or statutory privilege, and with respect to each interrogatory, specify the legal basis for the claim as required by Illinois Supreme Court Rule 201(n).

ANSWER: None other than information subject to the attorney work product privilege.

27. List the names and addresses of all persons (other than yourself and persons heretofore listed) who have knowledge of the facts regarding the care and treatment complained of in the complaint filed herein and/or of the injuries claimed to have resulted therefrom.

ANSWER: Defendants.

BEHR, McCARTER & POTTER, P.C.

By:_____
Richard J. Behr, #6202433
7777 Bonhomme Ave., Suite 1400
St. Louis, MO 63105
314/862-3800
314/862-3953 – Fax
Attorneys for Defendant
Gateway Regional Medical Center

## CERTIFICATE OF SERVICE

A true and complete copy of the above and foregoing was mailed, postage prepaid, this _____ day of _____, 2007, to:

Todd N. Hendrickson
Law Offices of Todd N. Hendrickson
100 S. Brentwood Blvd., Suite 300
Clayton, MO 63105
*Attorney for Plaintiff*

Gregory J. Minana
Justin A. Relihan
Husch & Eppenberger
190 Carondelet Plaza, Suite 600
Clayton, MO 63105
*Attorney for Defendant Petrovich*

## VERIFICATION

STATE OF  Missouri  )
)
COUNTY OF  St Louis  )

I, Donald W. Cantaberg, depose and state that for the purpose of answering the aforesaid Interrogatories, that the information contained therein is true and correct to the best of my knowledge, information and belief.

Printed Name: Donald W. Cantaberg

Subscribed and sworn to before me this 16th day of July, 2007.

Notary Public

My Commission expires:

Todd N. Hendrickson - Notary Public
Notary Seal, State of
Missouri - St. Louis County
Commission #05551975
My Commission Expires 4/5/2009

Cause No. 06 L 0762          Page 14 of 15

IN THE CIRCUIT COURT OF MADISON COUNTY
STATE OF ILLINOIS

DONALD CANTERBERY, )
    Plaintiff, )
)
v. ) Cause No. 06L-762
)
JOHN PETROVICH, M.D., et al. )
)
    Defendants. )

## CERTIFICATE OF SERVICE

Comes Now Plaintiff and hereby certifies that a true copy of Responses to Defendant Granite City Illinois Hospital Company's First Interrogatories and Request to Produce were mailed, postage prepaid, this 16th day of July, 2007, to all counsel of record.

Respectfully submitted,
LAW OFFICES OF TODD N. HENDRICKSON

_____
TODD N. HENDRICKSON #6222533
100 S. Brentwood Blvd., Suite 300
Clayton, Missouri 63105
(314) 721-8833
(314) 721-4944 fax
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2007, the foregoing mailed, postage prepaid, to the following:

Gregory J. Minana
Justin A. Relihan
190 Carondelet Plaza, Suite 600
Clayton, Missouri 63105

Richard J. Behr
Behr, McCarter and Potter
7777 Bonhomme Ave., Suite 1400
Clayton, Missouri 63105

_____

AA-03
(Revised 3/99)