IN THE CIRCUIT COURT OF MADISON COUNTY
STATE OF ILLINOIS

| | | |
|---|---|---|
| DONALD CANTERBERY,<br>    Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cause No.  06L-762 |
| | ) | |
| JOHN PETROVICH, M.D., | ) | |
| | ) | |
| GRANITE CITY ILLINOIS HOSPITAL | ) | |
| COMPANY, LLC, d/b/a GATEWAY | ) | |
| REGIONAL MEDICAL CENTER, | ) | |
| | ) | |
| GRANITE CITY CLINIC CORP., | ) | |
|     Serve: | ) | |
|     National Registered Agents, Inc. | ) | |
|     200 West Adams Street | ) | |
|     Chicago, IL 60606 | ) | |
| | ) | |
|     Defendants. | ) | |

**SECOND AMENDED COMPLAINT**

**COUNT I**

**MEDICAL NEGLIGENCE-JOHN PETROVICH, M.D.**

COMES NOW the Plaintiff Donald Canterbery, and for his causes of action against

Defendant John Petrovich, M.D., alleges and states as follows:

1. Defendant John Petrovich, M.D. ("Petrovich"), was, at all times relevant hereto, a

    physician and surgeon, engaged in the practice of his profession in Madison County,

    Illinois, and duly licensed to practice medicine in the State of Illinois.

2. Upon information and belief, Defendant Petrovich, while engaged in the practice of

    medicine, was under the influence of illegal substances, alcohol and/or medication

    to treat psychiatric conditions.

3. Upon information and belief, on or about August 24, 2004, Defendant Petrovich

was admitted at an in-patient facility for substance abuse rehabilitation and treatment of psychiatric conditions. Upon information and belief, the substances being abused were alcohol and cocaine.

4. Upon information and belief, on or about September 7, 2004, Gateway Regional issued a Notice of Temporary Suspension to Defendant Petrovich for failure to complete necessary medical charts. As a result of said suspension, Defendant Petrovich was prohibited from scheduling elective surgery.

5. Upon information and belief, Petrovich was discharged from the substance abuse rehabilitation program on or about September 20, 2004.

6. On or about September 22, 2004, Plaintiff Donald Canterbery employed Petrovich, for a reasonable compensation to be paid therefore, to perform a biopsy of a mass in his left groin area.

7. At no time was Plaintiff informed by any Defendant that Defendant Petrovich had undergone treatment for substance abuse, alcoholism or any psychiatric condition, that he had been suspended from performing elective surgical procedures or any of the other information set forth herein.

8. On or about September 27, 2004, Petrovich surgically removed the left groin mass at Gateway Regional Medical Center, Granite City, Madison County, Illinois.

9. Upon information and belief, at the time of said surgery, Defendant Petrovich's surgical and medical skills were impaired as a result of his then current or recent substance abuse and/or psychiatric conditions.

10. Following surgery, Plaintiff Donald Canterbery experienced pain, numbness and nerve damage in the left lower extremity.

11. At all times relevant herein, it was the duty of Defendant Petrovich to exercise that degree of skill and care that ordinarily well-qualified physicians possess and exercise under similar circumstances in the aforementioned locality or similar localities in which the aforementioned treatment was rendered to Plaintiff.

12. Defendant Petrovich negligently and unskillfully conducted himself and failed to exercise that degree of skill and care that ordinarily well-qualified physicians would exercise in similar circumstances, in that he:

    a.  Failed to perform an adequate physical examination of Plaintiff prior to surgery;

    b.  Failed to order and/or review appropriate diagnostic tests, including but not limited to an MRI or CT scan, prior to surgery

    c.  Failed to order and/or perform a biopsy of the soft tissue tumor located in Plaintiff's left groin, prior to removal of the tumor;

    d.  Failed to diagnose the tumor prior to removal;

    e.  Failed to obtain consent to perform an excision of the left groin mass;

    f.  Failed to obtain informed consent to perform an excision of the left groin mass;

    g.  Failed to skillfully and properly perform an excision of the left groin mass;

    h.  In the process of performing an excision of the left groin mass, lacerated or otherwise injured a nerve or nerves in Plaintiff's groin and/or left lower extremity;

    i.  Failed to skillfully and properly diagnose the surgical injury to a nerve or nerves in Plaintiff's groin and/or left lower extremity;

j.   Failed to skillfully and properly treat the surgical injury to a nerve or nerves in Plaintiff's groin and/or left lower extremity;

k.   Upon information and belief, performed said surgical procedure while under the influence of or having recently been under the influence of drugs and/or alcohol;

l.   Failed to refer Plaintiff to other physicians;

m.   Failed to timely order appropriate testing to diagnose the surgical injury; and

n.   Failed to timely obtain consultations with other physicians.

13. Defendant Petrovich knew, or should have known, that the actions above could or would result in injury to Plaintiff.

14. The injuries suffered by Plaintiff were a direct and proximate result of Petrovich's negligence.

15. That by reason of the negligence and unskillfulness of Petrovich, Plaintiff Donald Canterbery suffered surgical injury to nerve(s) in his groin and/or left lower extremity and has undergon subsequent treatment and rehabilitation and has suffered and will continue to suffer great pain, disability and anxiety, including but not limited to nerve injury, inability to flex his left lower extremity, wasting of the muscles and tissues of his left lower extremity, erectile dysfunction, pain, and did necessarily expend funds for care and treatment for himself.  Said injuries are permanent in nature.

16. That by reason of the negligence and unskillfulness of Petrovich, Plaintiff was caused to suffer lost wages and income and will suffer additional lost wages and income in the future.

17. That Plaintiff's damages are in excess of FIFTY THOUSAND DOLLARS ($50,000.00), the minimum jurisdictional requirement of this Court.

WHEREFORE, Plaintiff prays for judgment against Defendant Petrovich, in a monetary amount in excess of Fifty Thousand Dollars ($50,000.00) that is fair and reasonable to compensate him for his injuries, together with his costs of court and for such further relief as the Court deems appropriate.

## COUNT II

## MEDICAL NEGLIGENCE/INSTITUTIONAL NEGLIGENCE/NEGLIGENT SUPERVISION--GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC

COMES NOW the Plaintiff Donald Canterbery, and for his cause of action against Defendant Granite City Illinois Hospital Company, LLC, d/b/a Gateway Regional Medical Center, alleges and states as follows:

18. Plaintiff incorporates by reference Count I as if more fully set forth herein.

19. Defendant Granite City Illinois Hospital Company, LLC, d/b/a Gateway Regional Medical Center ("Gateway Regional"), is and was, at all times relevant hereto, a corporation existing by and under the laws of Illinois, engaged in the business of providing health care services.

20. Gateway Regional is licensed by the Illinois Department of Public Health pursuant to the Hospital Licensing Act, 210 ILCS 85, to operate the facility at 2100 Madison Avenue, Granite City, Illinois, 62040.  Gateway Regional holds itself out to the public as possessing the requisite hospital facilities, personnel, staff, and skill for the proper treatment of patients, including but not limited to surgical care.

21. It was the duty of Defendant Gateway Regional to review and supervise the treatment of patients of its employees as would a reasonably careful employer of physicians under similar circumstances, in accordance with bylaws, statutes, accreditation standards, custom, and community practice.

22. Upon information and belief, at all times relevant herein, Petrovich was an employee, agent, apparent agent and/or servant of Gateway Regional.

23. At all times relevant herein, it was the duty of Gateway Regional  to review and supervise the treatment of patients of its employees as would a reasonably careful employer of clinical staff and hospital employees under similar circumstances, in accordance with bylaws, statutes, accreditation standards, custom, and community practice.

24. At all times relevant herein, it was the duty of Gateway Regional to exercise ordinary care in its performance of its management, consultation and supervision of persons employed at Gateway Regional, to all person who would foreseeably be endangered by its failure to exercise ordinary care.

25. Upon information and belief, on or before January 30, 2004, Defendant Gateway Regional was informed that Petrovich was engaged in the use and abuse of alcohol and cocaine and was further suffering from severe depression.

26. Upon information and belief, on or about August 24, 2004, Defendant Petrovich was admitted at an in-patient facility for substance abuse rehabilitation.  Upon information and belief, the substances being abused were alcohol and cocaine.

27. Upon information and belief, Gateway Regional, through its CEO Mark Benz and others, was aware of the circumstances leading to said admission and the reasons for

said admission.

28. Upon information and belief, on or about September 7, 2004, Gateway Regional issued a Notice of Temporary Suspension to Defendant Petrovich for failure to complete necessary medical charts.  As a result of said suspension, Defendant Petrovich was prohibited from scheduling elective surgery.

29. Upon information and belief, on or about September 20, 2004, Defendant Gateway Regional allowed Petrovich to exercise surgical privileges at Gateway Regional.

30. Upon information and belief, prior to allowing Defendant Petrovich to return to surgical privileges at Gateway Regional Hospital, Defendant Gateway Regional did not require Defendant Petrovich to submit to any kind of substance abuse screening, medical screening or any other procedures to determine his fitness to practice medicine and/or perform surgery.

31. Upon information and belief, Defendant Petrovich was allowed to return to surgical privileges at Gateway Regional Hospital without any or proper supervision.

32. As an employee, agent, servant or apparent agent of Defendant Gateway Regional, the negligence of Defendant Petrovich, as set forth in above, is attributed to Defendant Gateway Regional. Defendant Gateway Regional was further negligent in that Gateway Regional:

   a.   Failed to adequately supervise Petrovich;

   b.   Failed to ensure that Plaintiff was provide with appropriate medical care and treatment;

   c.   Failed to inform Plaintiff that Petrovich was or had recently been under the influence of cocaine, alcohol or other substances;

d.   Failed to revoke the surgical privileges of Petrovich;

e.   Gateway Regional administrative staff failed to report suspicion of Dr.
     Petrovich's impaired status to the Gateway Regional medical staff or
     Surgical Department for appropriate action;

f.   Failed to take appropriate action with regard to suspending and/or restricting
     Dr. Petrovich's medical staff privileges;

g.   Failed to follow standard policies and procedures with regard to impaired
     physicians;

h.   Failed to require adequate drug and/or substance abuse testing;

i.   Failed to report reasonable suspicions of drug and or alcohol abuse to the
     appropriate licensing board;

j.   Allowed Dr. Petrovich to perform surgery on September 27, 2004, on
     Donald Canterbery; and

k.   Failed to inform Donald Canterbery of reasonable suspicions of Dr.
     Petrovich's impaired status and that failure was a breach of the duty of
     informed consent.

33. That by reason of these acts or omissions, Plaintiff Donald Canterbery suffered
surgical injury to nerve(s) in his groin and/or left lower extremity and subsequent
treatment and rehabilitation and has suffered and will continue to suffer great pain,
disability and anxiety, including but not limited to nerve injury, inability to flex his
left lower extremity, wasting of the muscles and tissues of his left lower extremity,
erectile dysfunction, pain, and did necessarily expend funds for care and treatment
for himself.  Said injuries are permanent in nature.

34. That by reason of these acts or omissions, Plaintiff was caused to suffer lost wages and income and will suffer additional lost wages and income in the future.

35. That Plaintiff's damages are in excess of FIFTY THOUSAND DOLLARS ($50,000.00), the minimum jurisdictional requirement of this Court.

WHEREFORE, Plaintiff prays for judgment against Defendant Gateway Regional in a monetary amount in excess of Fifty Thousand Dollars ($50,000.00) that is fair and reasonable to compensate him for his injuries, together with his costs of court and for such further relief as the Court deems appropriate.

## COUNT III

## MEDICAL NEGLIGENCE/INSTITUTIONAL NEGLIGENCE/NEGLIGENT SUPERVISION--GRANITE CITY CLINIC CORP.

COMES NOW the Plaintiff Donald Canterbery, and for his cause of action against Defendant Granite City Clinic Corp., alleges and states as follows:

36. Plaintiff incorporates by reference Count I as if more fully set forth herein.

37. Defendant Granite City Clinic Corp. ("Granite City Clinic") is and was, at all times relevant hereto, a corporation existing by and under the laws of Illinois, engaged in the business of providing health care services.

38. Upon information and belief, at all times relevant herein, Petrovich was an employee, agent, apparent agent and/or servant of Granite City Clinic.

39. At all times relevant herein, it was the duty of Granite City Clinic to review and supervise the treatment of patients of its employees as would a reasonably careful employer of physicians and surgeons under similar circumstances, in accordance

with bylaws, statutes, accreditation standards, custom, and community practice.

40. At all times relevant herein, it was the duty of Granite City Clinic to exercise ordinary care in its performance of its management, consultation and supervision of persons employed at Gateway Regional, to all person who would foreseeably be endangered by its failure to exercise ordinary care.

41. Upon information and belief, on or before January 30, 2004, Defendant Gateway Regional was informed that Petrovich was engaged in the use and abuse of alcohol and cocaine and was further suffering from severe depression.

42. Upon information and belief, on or about August 24, 2004, Defendant Petrovich was admitted at an in-patient facility for substance abuse rehabilitation. Upon information and belief, the substances being abused were alcohol and cocaine.

43. Upon information and belief, Granite City Clinic was aware of the circumstances leading to said admission and the reasons for said admission.

44. As an employee, agent, servant or apparent agent of Defendant Granite City Clinic, the negligence of Defendant Petrovich, as set forth above, is attributed to Defendant Granite City Clinic. Defendant Granite City Clinic was further negligent in that Granite City Clinic:

    a.  Failed to adequately supervise Petrovich;

    b.  Failed to ensure that Plaintiff was provide with appropriate medical care and treatment;

    c.  Failed to inform Plaintiff that Petrovich was or had recently been under the influence of cocaine, alcohol or other substances;

    d.   Granite City Clinic administrative staff failed to report suspicion of Dr.

Petrovich's impaired status to the Gateway Regional medical staff or

Surgical Department for appropriate action;

    e.   Failed to follow standard policies and procedures with regard to impaired

physicians;

    f.   Failed to require adequate drug and/or substance abuse testing;

    g.   Failed to report reasonable suspicions of drug and or alcohol abuse to the

appropriate licensing board;

    h.   Allowed Dr. Petrovich to perform surgery on September 27, 2004, on

Donald Canterbery; and

    i.   Failed to inform Donald Canterbery of reasonable suspicions of Dr.

Petrovich's impaired status and that failure was a breach of the duty of

informed consent.

45. That by reason of these acts or omissions, Plaintiff Donald Canterbery suffered

surgical injury to nerve(s) in his groin and/or left lower extremity and has

undergone subsequent treatment and rehabilitation and has suffered and will

continue to suffer great pain, disability and anxiety, including but not limited to

nerve injury, inability to flex his left lower extremity, wasting of the muscles and

tissues of his left lower extremity, erectile dysfunction, pain, and did necessarily

expend funds for care and treatment for himself.  Said injuries are permanent in

nature.

46. That by reason of these acts or omissions, Plaintiff was caused to suffer lost wages

and income and will suffer additional lost wages and income in the future.

47. That Plaintiff's damages are in excess of FIFTY THOUSAND DOLLARS ($50,000.00), the minimum jurisdictional requirement of this Court.

WHEREFORE, Plaintiff prays for judgment against Defendant Granite City Clinic in a monetary amount in excess of Fifty Thousand Dollars ($50,000.00) that is fair and reasonable to compensate him for his injuries, together with his costs of court and for such further relief as the Court deems appropriate.

## COUNT VII--NEGLIGENT RETENTION
## GRANITE CITY ILLINOIS HOSPITAL COMPANY LLC

COMES NOW Plaintiff and for his Third Cause of Action against Defendant Gateway Regional, states:

48. Plaintiff incorporates by reference Counts I and II as if more fully set forth herein.

49. Defendant Gateway Regional knew or should have known that Petrovich had a particular unfitness for his position as a surgeon practicing medical care and performing surgery on their premises on the dates set forth above, specifically his use and abuse of alcohol and cocaine and/or his psychiatric condition.

50. This particular unfitness was known or should have been known at the time of Plaintiff's treatment, as it had been reported to Defendant's employees and agents prior to September 22, 2004.

51. Defendant Gateway Regional nevertheless retained and/or allowed Petrovich to provide medical and surgical care to Plaintiff on and after the dates set forth above.

52. This particular unfitness proximately caused Plaintiff's injuries, set forth above.

53. That by reason of these acts or omissions, Plaintiff Donald Canterbery suffered

surgical injury to nerve(s) in his groin and/or left lower extremity and has

undergone subsequent treatment and rehabilitation and has suffered and will

continue to suffer great pain, disability and anxiety, including but not limited to

nerve injury, inability to flex his left lower extremity, wasting of the muscles and

tissues of his left lower extremity, erectile dysfunction, pain, and did necessarily

expend funds for care and treatment for himself.  Said injuries are permanent in

nature.

54. That by reason of these acts or omissions, Plaintiff was caused to suffer lost wages

and income and will suffer additional lost wages and income in the future.

55. That Plaintiff's damages are in excess of FIFTY THOUSAND DOLLARS

($50,000.00), the minimum jurisdictional requirement of this Court.

WHEREFORE, Plaintiff prays for judgment against Defendant Gateway Regional

in a monetary amount in excess of Fifty Thousand Dollars ($50,000.00) that is fair and

reasonable to compensate him for his injuries, together with his costs of court and for

such further relief as the Court deems appropriate.

## COUNT VIII

## NEGLIGENT RETENTION-GRANITE CITY CLINIC CORP.

COMES NOW Plaintiff and for his Third Cause of Action against Defendant

Granite City Clinic, states:

56. Plaintiff incorporates by reference Count I and III as if more fully set forth herein.

57. Defendant Granite City Clinic knew or should have known that Petrovich had a

particular unfitness for his position as a surgeon practicing medical care and

performing surgery on their premises on the dates set forth above, specifically his use and abuse of alcohol and cocaine.

58. This particular unfitness was known or should have been known at the time of Plaintiff's treatment, as it had been reported to Defendant's employees and agents prior to September 22, 2004.

59. Defendant Granite City Clinic nevertheless retained and/or allowed Petrovich to provide medical and surgical care to Plaintiff on and after the dates set forth above.

60. This particular unfitness proximately caused Plaintiff's injuries, set forth above.

61. That by reason of these acts or omissions, Plaintiff Donald Canterbery suffered surgical injury to nerve(s) in his groin and/or left lower extremity and has undergone  subsequent treatment and rehabilitation and has suffered and will continue to suffer great pain, disability and anxiety, including but not limited to nerve injury, inability to flex his left lower extremity, wasting of the muscles and tissues of his left lower extremity, erectile dysfunction, pain, and did necessarily expend funds for care and treatment for himself.  Said injuries are permanent in nature.

62. That by reason of these acts or omissions, Plaintiff was caused to suffer lost wages and income and will suffer additional lost wages and income in the future.

63. That Plaintiff's damages are in excess of FIFTY THOUSAND DOLLARS ($50,000.00), the minimum jurisdictional requirement of this Court.

WHEREFORE, Plaintiff prays for judgment against Defendant Granite City Clinic in a monetary amount in excess of Fifty Thousand Dollars ($50,000.00) that is fair and reasonable to compensate him for his injuries, together with his costs of court and for

such further relief as the Court deems appropriate.

## COUNT IX

### NEGLIGENT MISREPRESENTATION

COMES NOW Plaintiff and for his Fourth Cause of Action against Defendant Gateway

Regional, states:

64. Plaintiff incorporates by reference Counts I through VIII as if more fully set forth herein.

65. Defendant had a duty to advise Plaintiff that Defendant Petrovich had, within one week of conducting surgery on Plaintiff, been returned to duty at Gateway Regional following treatment for substance abuse and/or psychiatric treatment, that Defendant Petrovich's surgical privileges were suspended and that Defendant Petrovich was otherwise unfit to perform surgery on Plaintiff.

66. Defendant knew or should have known that Defendant Petrovich was unfit to provide medical services or perform surgery on Plaintiff.

67. Defendant, through the act of allowing Defendant Petrovich to schedule and conduct surgery and otherwise provide medical care to Plaintiff, affirmatively held out that Defendant Petrovich was fit to perform medical and surgical services for Plaintiff.

68. Said holding out constituted a statement by Defendant as to Defendant Petrovich's fitness.

69. Said holding out was material to Plaintiff's decision to undergo surgery by Defendant Petrovich at Gateway Regional.

70. Said holding out was false in that Petrovich was unfit to perform such medical and

surgical services.

71. In so holding out Petrovich as fit to perform medical and surgical services, Defendant was careless or negligent in ascertaining the truth as to Defendant Petrovich's fitness.

72. Such holding out was intended to and did induce Plaintiff to permit Petrovich to provide medical and surgical services, as set forth above.

73. As a direct and proximate result of Defendant's misrepresentations, Plaintiff suffered damage as set forth previously.

74. That Plaintiff's damages are in excess of FIFTY THOUSAND DOLLARS ($50,000.00), the minimum jurisdictional requirement of this Court.

WHEREFORE, Plaintiff prays for judgment against Defendant Gateway Regional in a monetary amount in excess of Fifty Thousand Dollars ($50,000.00) that is fair and reasonable to compensate him for his injuries, together with his costs of court and for such further relief as the Court deems appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,
LAW OFFICES OF TODD N. HENDRICKSON

TODD N. HENDRICKSON  #6222533
100 S. Brentwood Blvd., Suite 300
Clayton, Illinois 63105
(314) 721-8833
(314) 721-4944 fax
Attorney for Plaintiff

CERTIFCATE OF SERVICE

A true copy of the foregoing was mailed this 24th day of May, 2007, postage

prepaid, to:


Gregory J. Minana
Justin A. Relihan
190 Carondelet Plaza, Suite 600
Clayton, Missouri 63105


Richard J. Behr
Behr, McCarter and Potter
7777 Bonhomme Ave., Suite 1400
Clayton, Missouri 63105

_____