**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DONALD CANTERBERY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 07-cv-0584-MJR** |
| | ) | |
| **JOHN A. PETROVICH, M.D., GRANITE** | ) | |
| **CITY ILLINOIS HOSPITAL COMPANY,** | ) | |
| **LLC, doing business as Gateway Regional** | ) | |
| **Medical Center, and GRANITE CITY** | ) | |
| **CLINIC CORP.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Now before this Court is Plaintiff Donald Canterbery's motion to remand (Doc. 6). For the reasons that follow, the Court **GRANTS** that motion.

### A.    Factual & Procedural Background

On September 13, 2006, Plaintiff Donald Canterbery ("Canterbery") filed suit in the Circuit Court of Madison County, Illinois, naming John A. Petrovich, M.D., ("Petrovich") as the defendant and naming Granite City Illinois Hospital Company, LLC, d/b/a Gateway Regional Medical Center ("Gateway"), as a "respondent in discovery."    Canterbery alleged medical negligence in the performance of a surgical procedure.

Defendant Petrovich was served process in this matter on September 29, 2006, and removed it to this Court on October 13, 2006, pursuant to **28 U.S.C. §§ 1332, 1441** and **1446**. *See Canterbery v. Petrovich*, Case No. 06-0792-MJR (S.D.Ill.) ("*Canterbery I*").    Canterbery timely filed a motion to remand.    Petrovich requested and received expedited discovery on the issue of

1

Canterbery's citizenship. The motion was fully briefed, and, on February 6, 2007, the Court remanded the case back to Madison County Circuit Court.

Canterbery moved in Madison County Circuit Court for leave to amend his complaint to convert Gateway from a respondent in discovery to a defendant and to add Granite City Clinic Corp. ("GCCC") as an additional defendant. Canterbery's motion was granted on May 23, 2007. On August 20, 2007, Petrovich filed a second Notice of Removal, again removing the action to this District Court. Now before the Court is Canterbery's motion to remand (Doc. 6), which is fully briefed and ready for disposition.

## B. Analysis

Courts presume a plaintiff's choice of forum is valid and resolve all doubts regarding jurisdiction in favor of remand. *See Doe v. Allied-Signal Inc.,* **985 F.2d 908, 911 (7th Cir. 1993)**. When a defendant removes a case to a federal district court pursuant to **28 U.S.C. § 1441(a)**, the federal court must be able to exercise original jurisdiction over the matter. *See* **28 U.S.C. § 1441(a)(1)**. Under **28 U.S.C. § 1332(a)**, the federal district courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. **28 U.S.C. § 1332(a)**. If either requirement of diversity jurisdiction is lacking, the court must remand the case. **28 U.S.C. § 1447(c)**.

The Court has already established that the amount in controversy is met. *See Canterbery I*, Doc. 21. The only contested issue regards diversity of citizenship. As provided in **28 U.S.C. § 1332**, complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* **106 F.3d 215, 217 (7th Cir. 1997)**. Additionally, relevant herein,

**28 U.S.C. § 1441(b)**, the "forum defendant rule," prohibits the removal of diversity actions in which a properly joined defendant is a citizen of the state in which the action is brought.

In Canterbery's motion to remand, he presents three specific arguments: (1) under the law of the case established in *Canterbery I*, Canterbery was a citizen of Missouri on October 13, 2006; (2) complete diversity does not exist between Canterbery and all Defendants; (3) removal is not available under 28 U.S.C. § 1441because Gateway and GCCC are citizens of Illinois, where the action was brought; and (4) Petrovich offers no authority to support his contention that this Court can reconsider its ruling in *Canterbery I*. Canterbery also seeks costs and attorney's fees incurred as a result of the removal. Petrovich responds that (1) Canterbery committed fraud in his statements regarding his citizenship; (2) Canterbery failed to establish that he intended to remain indefinitely in Missouri as of October 13, 2006; (3) in January, 2007, there was complete diversity of citizenship; and (4) the citizenships of Gateway and GCCC should not be considered. The Court will first consider this latter argument.

The Seventh Circuit has clarified the forum defendant rule as follows:

> Not every diversity case qualifies for removal. . . . For cases that start out in state court, where it is the defendant who wants the federal forum, there is an additional hurdle to clear before successfully reaching federal court. Under 28 U.S.C. § 1441(b), a non-federal question case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

*Hurley v. Motor Coach Industries, Inc*., **222 F.3d 377, 378 (7th Cir. 2000)**, *cert. denied,* **531 U.S. 1148 (2001)**. Here, Petrovich seeks the federal forum, but his two co-defendants are citizens of the State in which suit was brought.

Petrovich contends that the citizenships of Gateway and GCCC should not be

3

considered because, if this action had not been remanded to state court in *Canterbery I*, Canterbery would not have been able to convert Gateway from a respondent in discovery to a defendant and would not have been able to add GCCC as a defendant because the statute of limitations had run. While Petrovich could reasonably argue that GCCC is fraudulently joined if it was added as a defendant after the limitations period expired, the issue is more problematic with regard to Gateway.

"'Respondents in discovery' are creatures of a special provision of Illinois law that permits a plaintiff to seek no relief other than the possible provision of information relevant to plaintiff's underlying substantive claims." **Wisniewski v. City of Chicago, 1998 WL 895746, \*1 n.1 (N.D.Ill. 1998)**. As relevant here, **735 ILCS 5/2-402** provides,

> Persons or entities so named as respondents in discovery . . . may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.
>
> &ast;  &ast;  &ast;  &ast;
>
> A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period. . . . **735 ILCS 5/2-402**.

Thus, assuming *arguendo*, that Petrovich is correct regarding the statute of limitations, Canterbery was able to achieve in state court what he could not have achieved in federal court: he converted a respondent in discovery to a defendant after the limitations period had expired.

However, Petrovich's argument fails for two key reasons: 1) this court cannot reconsider or withdraw its original order of remand; and 2) this court cannot change or in any way effect the operation of Illinois law that occurred while this action was in state court.

Under § 1447(d), once a federal district court remands a case, based on a defect in removal procedure or lack of subject matter jurisdiction, and sends a copy of its order to the State

4

court, the district court is divested of all jurisdiction. *City of Valparaiso, Ind. v. Iron Workers Local Union No. 395,* **118 F.R.D. 466, 468 (N.D.Ind. 1987) (collecting cases)**. Therefore, after the Court remanded *Canterbery I* to state court, it had no jurisdiction over the matter. While the action proceeded in state court, Canterbery properly converted Gateway from a respondent in discovery to a defendant, in accordance with Illinois state law, **735 ILCS 5/2-402**.

Consequently, Petrovich's second removal fails under the forum defendant rule because Gateway, a properly joined and served defendant, is a citizen of the State in which this action was brought. *See Hurley,* **222 F.3d at 378**. The Court need not consider Petrovich's remaining arguments.

Canterbery seeks an award of costs and attorney's fees incurred as a result of this removal. Petrovich argues that Canterbery is not entitled to costs and fees because there is evidence that Canterbery provided false deposition testimony and wilfully failed to disclose information regarding his citizenship.

In *Martin v. Franklin Capital Corporation,* **546 U.S. 132 (2005)**, the Supreme Court held that a district court may award attorney's fees under 28 U.S.C. § 1447(c) only where the removing party "lacked an objectively reasonable basis for seeking removal." **546 U.S. at 136;** *Lott v. Pfizer, Inc.,* **492 F.3d 789, 791 (7th Cir. 2007)**. The Court explained that, as a policy matter, "[i]f fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious." *Id.*; *Lott,* **492 F.3d at 792**. The Court finds that Petrovich's removal was not objectively unreasonable and, accordingly, denies Canterbery's motion for costs and attorney's fees.

**C.    Conclusion**

The Court finds that this case was not properly removed.  Because it lacks subject matter jurisdiction, the Court **GRANTS** Plaintiff Donald Canterbery's motion to remand (Doc. 6) and **REMANDS** this case to the Circuit Court of Madison County, Illinois.  The Court **DENIES** Canterbery's request for fees and costs of removal under 28 U.S.C. § 1447, since Petrovich had an objectively reasonable basis for removal.

**IT IS SO ORDERED.**

**DATED this 3rd day of January, 2008**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**